Name, Address, Telephone No. & I.D. No.
TIMOTHY J. SILVERMAN, ESQ. [SBN. 145264]
SOLOMON, GRINDLE, SILVERMAN & WINTRINGER, APC
12651 HIGH BLUFF DRIVE, SUITE 300
SAN DIEGO, CA 92130

TELEPHONE: [858] 793-8500
FACSIMILE: [858] 793-8263

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
YVETTE VELOSO,

Debtor.

BANKRUPTCY NO. 10-08217-LT7

LITTON LOAN SERVICING, L.P. its successors and/or assigns,

Moving Party

RS NO. TJS-1

YVETTE VELOSO; BAC HOME LOAN SERVICING, LP; JAMES L. KENNEDY, CHAPTER 7 TRUSTEE,

Respondent(s)

## MOTION FOR RELIEF FROM AUTOMATIC STAY
[X] REAL PROPERTY     [ ] PERSONAL PROPERTY

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1.  A Petition under Chapter  [X] 7  [ ] 11  [ ] 12  [ ] 13  was filed on May 13, 2010.

2.  Procedural Status:
    a.  [X] Name of Trustee Appointed *(if any)*: James L. Kennedy

    b.  [ ] Name of Attorney of Record for Trustee *(if any)*:

    c.  [X] *(Optional)* Prior Filing Information:
        Debtor has previously filed a Bankruptcy Petition on: March 8, 2010 .
        If applicable, the prior case was dismissed on: March 25, 2010 .

    d.  [ ] *(If Chapter 13 case)*: Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for _____.

Movant alleges the following in support of its Motion:

1.  [X] The following real property is the subject of this Motion:
    a.  Street address of the property including county and state: 119 Monclair Drive, Henderson, Nevada 89074-2737, County of Clark.

    b.  Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved): Single Family Residence

    c.  Legal description of property is attached as Exhibit A.

CSD 1160

    d.    If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a)(4) as Exhibit B.

    e.    *Fair market value of property as set forth in the Debtor's schedules: $268,884.00

    f.    *Nature of Debtor's interest in the property: Original Borrower

2.    ☐ The following personal property is the subject of this Motion *(describe property)*:

    a.    Fair market value of property as set forth in the Debtor's schedules: $_____

    b.    Nature of Debtor's interest in the property:

3.    *Fair market value of property according to Movant: $268,884.00

4.    *Nature of Movant's interest in the property:

5.    *Status of Movant's loan:
    a.    Balance owing on date of Order for Relief:    $ 426,826.89
    b.    Amount of monthly payment:    $2,211.17
    c.    Date of last payment:    March 13, 2009
    d.    If real property,
        i.    Date of default:    April 1, 2009
        ii.    Notice of Default recorded on:    July 20, 2009
        iii.    Notice of Sale published on:    April 22, 2010
        iv.    Foreclosure sale currently scheduled for:    June 16, 2010
    e.    If personal property,
        i.    Pre-petition default:    $_____    No. of months:_____
        ii.    Post-petition default:    $_____    No. of months:_____

6.    *(If Chapter 13 Case, state the following:)*
    a.    Date of post-petition default:
    b.    Amount of post-petition default:    $_____

7.    Encumbrances:
    a.    Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: Litton Loan, et al. | Approx. total due $426,826.89 | | | $38,298.11 | 14 |
| 2nd: BAC Home, et al. | $111,387.65 | | | Unknown | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | 538,214.54 | | | $38,298.11 | 14 |

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
        ☐ See attached page, if necessary.

8. Relief from the automatic stay should be granted because:

   a. [X] Movant's interest in the property described above is not adequately protected.

   b. [X] Debtors have little equity in the [X] real property [ ] personal property described above and such property is not necessary to an effective reorganization.

   c. [ ] The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

      i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

      ii. the Debtor/Trustee has

         (1) [ ] not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

         (2) [ ] commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

   d. [X] *Other cause exists as follows (specify): [ ] See attached page.

      After considering the all liens, and the costs of sale, and the Debtors' Homestead exemption, there is little or no equity in the real property to benefit unsecured creditors in this case.

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a)(5) and (6).

Movant attaches the following:

1. [ ] Other relevant evidence:

2. [ ] (Optional) Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

[X] Relief as requested.

[X] Other:

   A. That the requirements of Bankruptcy Rule 4001(a)(d) be terminated.

   B. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

Dated: June 11, 2010

/S/ Timothy J. Silverman
[Attorney for] Movant

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160

EXHIBIT "A"

The land referred to in this Commitment is situated in the County of Clark, State of Nevada and is described as follows:

LOT SIX (6) IN BLOCK FOUR (4) OF CHERRY HILL UNIT NO. 2, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 35 OF PLATS, PAGE 45, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA AND AMENDED BY A CERTIFICATE OF AMENDMENT RECORDED AUGUST 28, 1986 IN BOOK 860828 AS DOCUMENT NO. 00847 OF OFFICIAL RECORDS, AND BY CERTIFICATE OF AMENDMENT RECORDED JANUARY 6, 1987 IN BOOK 870106 AS DOCUMENT NO. 00440, OFFICIAL RECORDS.